NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT LOGAN BERTHOLD, *Appellant.*

No. 1 CA-CR 17-0820, 1 CA-CR 17-0821, 1 CA-CR 18-0001
(Consolidated)
FILED 8-28-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-005491-001, CR2016-135159-001, CR2016-103266-001
(Consolidated)
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

_____

**S W A N N**, Judge:

¶1          Robert Logan Berthold appeals, under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from the revocation of his probation and the resulting sentences.  Neither Berthold nor his counsel identify any issues for appeal.  We have reviewed the record for fundamental error.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We find none.

¶2          Berthold pled guilty to two class six felonies (criminal possession of burglary tools and possession of drug paraphernalia) and one class three felony (second degree burglary).  The court suspended the imposition of sentence and placed him on three years of supervised probation.  The conditions of probation required, among other things, that Berthold live in a residence approved by the Adult Probation Department ("APD"), not change residence without approval from APD, actively participate in drug treatment programs, and not possess or use illegal drugs.  In September 2017, Berthold's probation officer filed a petition to revoke his probation, alleging that Berthold had violated numerous conditions of his probation, including drug use and changing his approved residence.  The matter proceeded to a contested revocation hearing in December 2017.

¶3          At the revocation hearing, the state presented evidence of the following facts.  In July and early August 2017, Berthold and his probation officer discussed the probation conditions on drug use, drug treatment, and his living situation.  In mid-August, Berthold admitted to his probation officer that he had used heroin twice earlier that month.  During that same period, Berthold failed to move into his assigned residence, changed residence without APD's permission, and missed a scheduled meeting with his probation officer.  Then, in September, the coordinator at Berthold's residential treatment program observed Berthold to be "under the influence of heroin."  The coordinator discharged Berthold from the program the next day due to "non[-]compliance."

**¶4** The court found that Berthold had violated four different probation conditions, and recited evidence to support each finding. *See* Ariz. R. Crim. P. ("Rule") 27.8(b)(5). The court sentenced him to a mitigated 2.5-year prison term for the class three felony, and to presumptive 1-year prison terms for the two class six felonies, all to be served concurrent with each other.

**¶5** We discern no fundamental error. The state presented sufficient evidence to prove by a preponderance of the evidence that Berthold had committed at least one probation violation. *See id.* Berthold was permitted to speak at the hearing and the court stated on the record the materials it considered and the factors it found in imposing sentence. The court imposed legal sentences, *see* A.R.S. §§ 13-702(D), -1505(C), -1507(B), -3415(A), and properly credited Berthold for his presentence incarceration, *see* A.R.S. §§ 13-712(B), -903(F).

**¶6** For the foregoing reasons, we affirm the revocation of Berthold's probation and the resulting sentences. Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Berthold of the status of this appeal and his future options. *Id.* Berthold has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Rule 31.21(b)(2)(A). Upon the court's own motion, Berthold has 30 days from the date of this decision in which to file a motion for reconsideration. *See* Rule 31.20(c).

